GILLMORE, et ux,
*Respondents,*

*v.*

HUSTON, et ux,
*Appellants.*

(No. 77-476-E-1, CA 13751)

606 P2d 1165

Sidney Ainsworth, Ashland, argued the cause for appellants. With her on the brief were Jack Davis and Davis, Ainsworth, Pinnock & Davis, P.C., Ashland.

William G. Carter, Medford, argued the cause for respondents. With him on the brief was Grant, Ferguson & Carter, Medford.

Before Joseph, Presiding Judge, and Lee and Richardson, Judges.

[667]

LEE, J.

**LEE, J.**

This is a suit in equity in which plaintiffs, lessees, sought (1) rescission of a lease with an option to purchase agreement due to defendants' alleged misrepresentations and (2) a declaratory judgment ordering return of the money ($15,000) paid for the option to purchase the property. The court held in favor of defendants as to plaintiffs' first count (no misrepresentations) and held in favor of plaintiffs as to the second count (ordering return to the plaintiffs the $15,000 paid for the option). Defendants contend on appeal that the court's opinion was not responsive to the issues raised in the pleading of plaintiffs' second count and, that they are therefore entitled to a new trial.[1]

On January 16, 1976, plaintiffs and defendants executed a lease with an option to purchase agreement, whereby plaintiffs agreed to lease a commercial building for five years and to pay $15,000 for an option to purchase the property for $130,000 during the term of the lease. In January, 1977, plaintiffs vacated the premises and defendants resumed possession of the property. Shortly thereafter, plaintiffs filed this suit.

In plaintiffs' amended complaint, filed on June 15, 1977, they asked for a declaratory judgment granting general equitable relief from a forfeiture of the option payment of $15,000. On October 20, 1977, plaintiffs and defendants entered into a stipulation whereby plaintiffs gave up all interest in the subject property, the option to purchase the property was declared "terminated, null and void", and defendants waived any claims against plaintiffs arising out of the lease and option to purchase agreement. The purpose of the stipulation was to clear title to and allow sale of the property. The stipulation, however, made no provision concerning the $15,000 paid for the option. Defendant (Mr. Huston) testified at trial that the property was, in

---

[1] We limit our review to plaintiffs' second count, since the trial court's disposition of the first count was not appealed.

fact, sold and that he received $165,000 upon its sale. The trial court, in ordering the return of the $15,000, stated:

"On Count II, the Court finds that the plaintiffs are entitled to recover the $15,000 paid for the option to purchase, which is part of plaintiffs' Exhibit #1. The option to purchase is separate from the lease with separate consideration of $15,000 having been paid for a 5-year option to purchase the real property in question. It is clear, from the evidence, that the conduct of the defendants amounted to recision (sic) of the option agreement. The property was sold within the 5-year period. Therefore, the defendants could not perform their part of the option agreement should the plaintiffs have desired to exercise their option, *Melms v. Mitchell*, 266 Or 208 (1973)."

We agree.

Affirmed.